**SANDERS LAW GROUP**
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 127616

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GLOBAL WEATHER PRODUCTIONS, LLC, <br> 1309 Coffeen Avene, Ste. 1200 <br> Sheridan, Wyoming 82801 <br><br> Plaintiff, <br><br> v. <br><br> UNITED CLEAN PRO LLC, <br> 1 Mine Brook Lane, <br> Franklin Park, NJ 08823 <br><br> Defendant. | **Case No:** <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Global Weather Productions, LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant United Clean Pro LLC ("*Defendant*") states and alleges as follows:

### INTRODUCTION

1. This action seeks to recover damages for copyright infringement under

1

the Copyright Act, 17 U.S.C §101 *et seq*. and for violation of the Digital Millennium Copyright Act ("*DMCA*"), 17 U.S.C. §1202(b).

2. Plaintiff owns the copyright rights of a video of a skyline timelapse in Buffalo, NY ("*Video 1*") and a video of firefighters shoveling through snow to rescue people, of cars stuck, and of the interstate closed in Lackawanna, NY ("*Video 2*") in which Plaintiff owns the rights and licenses for various uses including online and print publications (Video 1 and Video 2 are collectively referred to herein as the "*Videos*").

3. Defendant is a mitigation, restoration, and cleaning company which owns and operates a website at URL unitedcleanpro.com (the "*Website*") and a social media account with the name "@United Clean Pro" (the "*Account*").

4. Defendant, without permission or authorization from Plaintiff, actively copied and displayed the Videos on the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. Global Weather Productions, LLC is a Wyoming limited liability company and maintains its principal place of business in Sheridan County, Wyoming.

6. Upon information and belief, defendant United Clean Pro LLC, is a New Jersey limited liability company with a principal place of business at 1 Mine

Brook Lane, Franklin Park in Somerset County, New Jersey and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in New Jersey.

9. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.** **Plaintiff's Copyright Ownership**

10. Plaintiff is a professional videography company by trade that is the legal and rightful owner of certain videos which Plaintiff commercially licenses.

11. Plaintiff has invested significant time and money in building Plaintiff's video portfolio.

12. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's videos while many others are the subject of pending copyright applications.

13. Plaintiff's videos are original, creative works in which Plaintiff owns

protectable copyright interests.

14. On November 18, 2022, videographer Michael Brandon Clement ("*Clement*") authored and first published Video 1. A screenshot of Video 1 is attached hereto as <u>Exhibit 1-1</u>.

15. On January 30, 2023, Video 1 was registered by the USCO under Registration No. PA 2-397-321, listing Clement as the copyright claimant ("*Registration 1*").

16. Clement created Video 1 with the intention of commercially licensing the work.

17. Subsequent to the effective date of Registration 1, Clement assigned his copyrights in Video 1 to Plaintiff, including the right to pursue this cause of action.

18. On November 18, 2022, Clement authored and first published Video 2. A screenshot of Video 2 is attached hereto as <u>Exhibit 1-2</u>.

19. On January 30, 2023, Video 2 was registered by the USCO under Registration No. PA 2-397-322 ("*Registration 2*").

20. Clement created Video 2 with the intention of commercially licensing the work.

21. Subsequent to the effective date of Registration 2, Clement assigned his copyrights in Video 2 to Plaintiff, including the right to pursue this cause of action.

22. Plaintiff acquired the copyrights to Video 1 and Video 2 (collectively,

4

the "Videos") with the intention of licensing the works commercially and for the purpose of display and/or public distribution.

**B.     Defendant's Infringing Activity**

23.    Defendant is the registered owner of the Account and is responsible for its content.

24.    Defendant is the operator of the Account and is responsible for its content.

25.    The Account is a key component of Defendant's popular and lucrative commercial enterprise.

26.    The Account is monetized in that it promotes the business and its services to the public and, upon information and belief, Defendant profits from these activities.

27.    On or about November 23, 2022, Defendant displayed the Video 1 and Video 2 on the Account at URL: https://www.facebook.com/watch/?v=1513852315787900. Copies of screengrabs of the Account including the Videos are attached hereto collectively as Exhibit 2-1 and 2-2.

28.    Without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Plaintiff's copyright protected Videos on the Account.

29. Plaintiff first observed and actually discovered the Infringements and Defendant's violation of the DMCA on January 3, 2023.

30. Upon information and belief, the Videos were copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Videos (hereinafter all of the unauthorized uses set forth above are referred to as the "*Infringements*").

31. The Infringements include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5).*

32. The Infringements are exact copies of Plaintiff's original video recordings that were directly copied and displayed by Defendant on the Account.

33. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Account, including, but not limited to copying, posting, selecting, commenting on, and/or displaying video recordings including but not limited to Plaintiff's Videos.

34. Upon information and belief, the Videos were willfully and volitionally posted to the Account by Defendant.

35. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was

apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

36. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

37. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right.

38. Upon information and belief, Defendant monitors the content on its Account.

39. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

40. Upon information and belief, the Infringements increased traffic to the Account and, in turn, caused Defendant to realize an increase in its business revenues.

41. Upon information and belief, a large number of people have viewed the unlawful copies of the Videos on the Account.

42. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

43. Defendant's use of the Videos, if widespread, would harm Plaintiff's potential market for the Videos.

44. On March 21, 2023, Plaintiff, via counsel, served Defendant with a letter seeking to address the complaints contained herein concerning Defendant's infringements of Plaintiff's rights-protected works.

45. Despite Plaintiff's efforts and willingness to address Defendant's infringing activities, Defendant failed to respond, and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

46. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

47. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

48. The Videos are original, creative works in which Plaintiff owns valid copyrights.

49. The Videos are properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

50. Plaintiff has not granted Defendant a license or the right to use the Videos in any manner, nor has Plaintiff assigned any of its exclusive rights in the

copyrights to Defendant.

51. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

52. Defendant's reproduction of the Videos and display of the Videos constitutes willful copyright infringement.

53. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Videos in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Videos without Plaintiff's consent or authority, by using it on the Account.

54. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

55. As a result of the Defendant's violations of Title 17 of the U.S. Code,

the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

56. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## SECOND COUNT
### (Removal and/or Alteration of Copyright Management Information 17 U.S.C. § 1202(b))

57. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

58. Video 1 was originally published at URL: https://www.youtube.com/watch?v=rsMMF8X3HS4. A copy of a screenshot of the original source page is attached hereto as Exhibit 3-1.

59. Video 1, as originally published, displayed a "NOT FOR BROADCAST" banner, as well as the original publisher's logo displayed on the bottom left and right sides of the video. Licensing information for the video is displayed directly underneath the video. Such credit qualifies as copyright management information ("*CMI*") under section 1202(c) of the DMCA, 17 U.S.C. §1202(c).

60. Video 2 was originally published at URL:

https://www.youtube.com/watch?v=Xtr5hu9Bu7M. A copy of a screenshot of the original source page is attached hereto as <u>Exhibit 3-2</u>.

61. Video 2, as originally published, displayed the original publisher's logo on the bottom right side of the video, with licensing information for the video displayed directly underneath the video. Such credit qualifies as copyright management information ("*CMI*") under section 1202(c) of the DMCA, 17 U.S.C. §1202(c).

62. Defendant distributed the Infringements with its own watermark, and without the original CMI, as there was no credit provided to Plaintiff nor the original author upon Defendant's display of the Videos on the Account.

63. Upon information and belief, Defendant's distribution of Video 1 and Video 2 were done with actual knowledge that CMI was removed and/or altered without Plaintiff's permission.

64. Upon information and belief, Defendant had reasonable grounds to know that its distribution of the infringing post containing Video 1 Video 2 would induce, enable, facilitate, or conceal an infringement.

65. Defendant's conduct violates 17 U.S.C. § 1202(b).

66. Plaintiff has sustained substantial injury and monetary damages as a result of Defendant's wrongful acts as herein alleged, and as a result of being involuntarily associated with Defendant, in an amount to be proven at trial.

67. As a result of Defendant's violations of the DMCA, pursuant to 17 U.S.C. § 1203(c)(2), Plaintiff is entitled to an award of the actual damages suffered as a result of the violation including any profits of the Defendant attributable to the violation or, alternatively, Plaintiff may elect to recover from Defendant statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202(b).

68. As a result of the Defendant's violations of the DMCA, the court in its discretion may allow the recovery of reasonable attorney's fees and full costs pursuant to 17 U.S.C. § 1203(b)(4) and (5) from Defendant.

## JURY DEMAND

69. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Videos in violation of 17 U.S.C. §501 *et seq.* and has violated the DMCA under 17 U.S.C. §1202(b) and therefore award damages and monetary relief as follows:

    a. finding that Defendant infringed Plaintiff's copyright interest in and to the Videos by copying and displaying it without a license or consent;

    b. for an award of actual damages and disgorgement of all of

   Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.   finding that Defendant violated section 1202(b) of the DMCA; 17 U.S.C. § 1202(b);

d.   for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

e.   for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505 and/or 17 U.S.C. §1203(b)(4) and (5);

f.   for pre-judgment interest as permitted by law; and

g.   for any other relief the Court deems just and proper.

DATED: November 16, 2023

              **SANDERS LAW GROUP**

              By:   /s/ *Craig Sanders*
              Craig Sanders, Esq.
              333 Earle Ovington Blvd, Suite 402
              Uniondale, NY 11553
              Tel: (516) 203-7600
              Email: csanders@sanderslaw.group
              File No.: 127616

              *Attorneys for Plaintiff*